UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


CLARENCE GANAWAY,                    )     CASE NO. 1:09 CV 437
                                     )
          Plaintiff,                 )     JUDGE PATRICIA A. GAUGHAN
                                     )
     v.                              )
                                     )     MEMORANDUM OF OPINION
TIMOTHY GARTHER, *et al.*,            )     AND ORDER
                                     )
          Defendants.                )


        *Pro se* plaintiff Clarence Ganaway filed this action under 42 U.S.C. § 1983 against

Cleveland Police Officer Timothy Garther, Cleveland Police Officer Antonio Taylor, Cleveland

Police Officer Antonio Harper, Cuyahoga County, the State of Ohio, and Cleveland Mayor Frank

Jackson.  In the complaint, plaintiff alleges Cleveland Police officers used excessive force to secure

his arrest.  He seeks monetary damages.

## Background

        Mr. Ganaway alleges he was subjected to excessive force during his arrest on

October 24, 2006.  Specifically, he alleges his left ankle and leg were broken when the tire of a

police vehicle rolled over his ankle.  He also alleges that his right wrist and arm were grabbed in

such a way that they were also fractured.  He claims he was subjected to "slander, civil (sic), and

racial slurs" by a sergeant.  (Compl. at 5.)  Mr. Ganaway seeks damages in the amount of

$5,000,000.00 to compensate for his injuries.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

This complaint represents Mr. Ganaway's second attempt to bring this matter before the court.  On September 26, 2007, he filed Case No. 3:07 CV 2939 (N.D. Ohio)(Katz, J.) asserting substantially similar claims against the City of Cleveland, the Cleveland Police Department, Mayor Jackson, Officer Garther, Officer Taylor, Officer Harper, Officer Garcia, and Officer Kelly based on this same set of facts.  That case was assigned to United States District Judge David A. Katz, who dismissed the case on its merits under 28 U.S.C. § 1915A on December 14, 2007.  Mr. Ganaway appealed that decision, which was affirmed by the United States Sixth Circuit Court of Appeals on January 22, 2009.  He filed the within action one month later on February 22, 2009 asserting the same claims against Mayor Jackson, Officer Garther, Officer Taylor, and Officer

---

[1]    An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Harper, and adding claims against the State of Ohio and Cuyahoga County.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a second time.

Moreover, even if Mr. Ganaway could overcome the procedural bar presented by the doctrine of *res judicata*, his complaint would be dismissed as untimely. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The events described in the complaint occurred on October 24, 2006. This complaint was filed on February 22, 2009, well beyond the applicable two year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* section 1983 action filed after two year statute of limitations for bringing such an action had expired); *see also Ashiegbu v. Kim*, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998), *cert. denied*, 525

U.S. 857, 119 S.Ct. 138 (U.S. Oct. 5, 1998) (section 1915(e) *sua sponte* dismissal is appropriate

where claim is barred by statute of limitations).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.[2]

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE


Dated: 7/1/09

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not
> taken in good faith.